803 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
IN THE MATTER OF THE COMPLAINT OF PADUCAH TOWING COMPANY,
INC., A CORPORATION, FOR EXONERATION FROM, OR
LIMITATION OF, LIABILITY
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
PADUCAH TOWING COMPANY, Defendant-Appellee
v.
EXXON CORPORATION, Third Party Defendant-Appellant.
 No. 85-5800.
 United States Court of Appeals, Sixth Circuit.
 Sept. 3, 1986.
 
 BEFORE: JONES and KRUPANSKY, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Third party defendant-appellant Exxon Corporation (Exxon) appealed from the district court's judgment of liability against it in this admiralty action.
 
 
 2
 The instant matter has been the subject of a prior appeal to this circuit. See In re Complaint of Paducah Towing Co., 692 F.2d 412 (6th Cir. 1982). Although the factual context of the issues joined herein was thoroughly reviewed in the foregoing published decision of the previous panel of this circuit, this court briefly recites the salient circumstances underlying the litigation. Defendant-appellee Paducah Towing Co. (Paducah) operated the tow boat Endeavour, which in June of 1977 was towing a barge train downstream on the Ohio River. On approaching Dam no. 53, the lockmaster requested the Endeavour's captain to temporarily serve as a tie-off tow for barge trains exceeding 600 feet in overall length, which tows were required to be separated and subsequently reassembled after passing through the lock system. During the night the Exxon Tennessee (Tennessee) used the Endeavour as the tieoff vessel for a section of its barges. Subsequent to the Tennessee's departure, the Endeavour, its barges, and the construction barge to which they were moored, became unmoored from their shore mooring and were carried over the dam, causing significant damages.
 
 
 3
 After a bench trial in the initial action, the district court concluded that the sole factor causing the chain of events which resulted in the casualty loss was the negligent conduct of the Tennessee's crew in failing to exercise reasonable care while departing the Endeavour after reassembling its tow by causing violent surging of the Endeavour and the construction barge which caused the construction barge to break free of its shore anchor thereby permitting the Endeavour, its barges and the construction barge to drift over the dam. The district judge accordingly assigned one hundred percent of the fault for the accident to Exxon and absolved Paducah of any fault.
 
 
 4
 In the initial decision, the original panel of this court reversed the district court's disposition as clearly erroneous and concluded that the Paducah was at least in part responsible for the catastrophe. That panel identified three acts of the Endeavour's crew which had contributed to the casualty: placing the Endeavour in a hazardous location in close proximity to the dam; failing to effect sufficient precautions in mooring the Endeavour to the construction barge which was secured to the shore by a cable; and the Endeavour's failure to maintain power while acting as a tie-off tow and assigning an inexperienced crew member to the night watch. The court accordingly remanded the matter to the district court.
 
 
 5
 The district judge upon remand assigned 75% of the liability for the loss to the Tennessee and its crew (Exxon) and 25% to the Endeavour and its crew (Paducah) for contributing to the mishap. After reviewing the record testimony, the district court in its memorandum opinion adopted the mandate of the remand order and concluded that the Endeavour and its crew were guilty of contributory negligence. The district court apportioned the damages as it did because, in its opinion, the evidence at trial established that the casualty would not have occurred had the Tennessee exercised a minimum of care in effecting its departure.
 
 
 6
 In the instant appeal Exxon charged that the district court failed to comply with this circuit's earlier mandate on remand. An examination of Judge Ballantine's memorandum opinion in this appeal disclosed that his reasoning was not inconsistent with the principles enunciated in this circuit's previous mandate, the essence of which was that the Endeavour was at least in part responsible for the casualty due to its own negligence. Upon appeal in an action in admiralty, this court must review the district court's findings of fact imposing negligence and its apportionment of fault as between negligent parties pursuant to the clearly erroneous standard. Paducah Towing, 692 F.2d at 421. Recognizing that calibration of fault within such a context is not susceptible of formalistic precision, this court cannot conclude that the result reached by the trial court was clearly in error. See Anderson v. Bessemer City, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). Accordingly, having examined the record on appeal and having considered the briefs and arguments of the parties, the district court's judgment is AFFIRMED.